UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JACOB M. MCCANN,

    Petitioner,

v.                                        Case No. 21-CV-701

WARDEN DAN CROMWELL,

    Respondent.

---

### RULE 4 ORDER

---

Jacob M. McCann, who is currently incarcerated at the Fox Lake Correctional Institution, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) McCann has paid the statutory filing fee of $5.00; thus, his petition is ready for screening in accordance with Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During the initial review of habeas petitions, I review whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

McCann was convicted in 2011 in Winnebago County Case No. 10CF542 of one count of repeated sexual assault of a child. (*State v. McCann*, Appeal No. 2018AP2280 (Wis. Ct. App. Mar. 25, 2020), *available at* Supreme Court and Court of Appeals Access ("SCCAA") https://wscca.wicourts.gov.) McCann filed a postconviction motion alleging that trial

counsel was ineffective for failing to call the victim's sister to testify, claiming her testimony would have undermined the victim's credibility. He asserted in the alternative that, as the jury did not hear this testimony, the real controversy was not fully tried. (*Id.*) After a *Machner* hearing was held, the trial court denied McCann's motion. (*Id.*) McCann appealed and the court of appeals affirmed. (*Id.*) His petition for review before the Wisconsin Supreme Court was denied on June 15, 2015. (Wisconsin Circuit Court Access Program ("CCAP"), Winnebago County Case No. 2010CF542, *available at* https://wcca.wicourts.gov.)

McCann then filed a petition for writ of habeas corpus pursuant to § 2254 in this District on June 9, 2016 in Case No. 16-CV-717 (E.D. Wis.). McCann sought habeas relief on four grounds: (1) courtroom spectators influenced the alleged victim's testimony by moving their heads while she was testifying; (2) it is unknown whether cell phone recordings turned over to law enforcement by the alleged victim's father are the original recordings; (3) during her trial testimony, the alleged victim failed to identify McCann as the perpetrator; and (4) the investigating detective failed to collect any physical evidence. (Docket # 5 at 2–3 in Case No. 16-CV-717.)

On August 9, 2016, Magistrate Judge David E. Jones issued a Rule 4 Order screening McCann's habeas petition. Judge Jones found that McCann had not exhausted his state court remedies as to any of the grounds raised in his petition. (*Id.* at 3.) Judge Jones stated that he could dismiss McCann's petition without prejudice to allow McCann to exhaust; however, he noted that McCann's one-year statute of limitations period would likely run in the interim on or about September 10, 2016. (*Id.*) Thus, Judge Jones considered whether to allow McCann to file a protective petition to preserve his statute of limitations; however, he ultimately concluded that none of the issues McCann raised were meritorious and thus denied

the petition. (*Id.* at 4.) Specifically, Judge Jones found that McCann's claims "involve spectators potentially influencing witness testimony, evidence of questionable authenticity, an in-court identification (or lack thereof), and the absence of physical evidence. These claims, while potential sources of a direct appeal in state court, do not rise to the level of constitutional violations." (*Id.*)

In November 2017, McCann returned to state court and filed a petition for writ of habeas corpus and a motion for substitution of his trial judge, Judge John Jorgenson, in that case. (*State v. McCann*, Appeal No. 2018AP2280.) The habeas case was assigned Winnebago County Case No. 18CV69. (*Id.*) Another judge (i.e., not Judge Jorgenson) denied the writ petition in February 2018. (*Id.*)

Then, on October 15, 2018, McCann filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06. (*Id.*) In this motion, McCann alleged ineffective assistance of both trial and postconviction counsel, asserting that:

> "[T]he jury was excused while the Court addressed probable coaching of a witness by the spectators," after it "became clear to the Court that some of the spectator[]s seated behind the prosecution were having conversations" and "shaking" and "nodding" their heads in a manner the court "properly characterized as 'trying to encourage a type of testimony.'" McCann claimed trial counsel performed deficiently because she inadequately followed up on who among the spectators was "shaking" her head, and failed to ask the court to identify any spectators "shaking their heads in front of the jury" so as to permit jurors to consider it in their credibility assessment of the victim. He argued that "[i]t stands to reason" that if the Court recognized that "head shaking … could be interpreted as trying to encourage a type of testimony, [the victim] did as well." McCann contended that, had counsel followed his instruction to raise the "spectator-coaching" issue, he would have proved his defense that the victim was coached to accuse him, such that there is a reasonable probability he would have been acquitted. Postconviction counsel was ineffective, he argued, for failing to challenge trial counsel's ineffectiveness and, like trial counsel, for refusing to raise the spectator-coaching issue on direct appeal.

3

(*Id.*) The trial court denied the motion without a hearing, and McCann filed a notice to appeal on November 21, 2018. (CCAP, Winnebago County Case No. 2010CF542.) The Wisconsin Court of Appeals affirmed the circuit court's order on March 30, 2020 and the Wisconsin Supreme Court denied review on August 24, 2020. (*Id.*)

McCann now files another petition for habeas relief pursuant to § 2254 in this Court. (Docket # 1.) McCann alleges that he was denied a fair trial because his trial judge failed to inform the jury that spectators were coaching the victim's testimony, that his postconviction counsel was ineffective for failing to allege trial counsel was ineffective for not asking the court to identify the spectator shaking his or her head in front of the jury, and that his trial judge should have recused himself. (*Id.* at 9–22.)

Procedurally, McCann's current petition has two potential issues. First, as Judge Jones previously noted, McCann's one-year habeas statute of limitations expired in September 2016. While McCann did file a habeas petition prior to that date, Judge Jones dismissed it without allowing McCann to file a protective petition. McCann did not return to state court until November 2017, after his one-year habeas statute of limitations expired. State motions for collateral relief do not give rise to a second one-year limitations period after the first has expired. *See Teas v. Endicott*, 494 F.3d 580, 581 (7th Cir. 2007) ("Nothing in § 2244(d) implies that the time is reopened if the state court engages in multiple rounds of review that it calls 'direct.'").

Second, it is possible that McCann's current habeas petition is an unauthorized second or successive petition. A habeas petitioner seeking relief under 28 U.S.C. § 2254 is entitled to "one 'full and fair opportunity to raise a [federal] collateral attack'" on his conviction and sentence. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (quoting *O'Connor v. United States*,

4

133 F.3d 548, 550 (7th Cir. 1998)). Thus, pursuant to 28 U.S.C. § 2244(b)(1), "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Further, "Section 2244(b) requires petitioners to get permission from the courts of appeals before filing second or successive petitions in the district courts." *Altman*, 337 F.3d at 766. Not every petition, however, counts for purposes of § 2244(b). "[I]n order for a habeas petition to be considered successive, the previous motion must have been denied on the merits." *Garrett v. United States*, 178 F.3d 940, 942 (7th Cir.1999). Previous petitions that were dismissed for technical or procedural deficiencies, such as filing in the wrong district, failing to pay a filing fee, or failing to exhaust state-court remedies, do not trigger AEDPA's successive-petition bar. *Id.* While Judge Jones did find that McCann failed to exhaust his state court remedies, he also determined that his unexhausted claims were plainly meritless, so a stay and abeyance should be denied in favor of dismissal of the petition. (Docket # 5 in Case No. 16-CV-717.)

Because it is not clear to me from the face of the petition that McCann is not entitled to relief, and in an abundance of caution, respondent will be called upon to serve and file an answer, motion, or other response to the petition for a writ of habeas corpus.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that a copy of McCann's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED THAT** the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY** (60) days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claim:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have forty-five (45) days following the filing of the petitioner's initial brief within which to file a brief in opposition. If petitioner does not file a brief, the respondent has forty-five (45) days from the due date of the petitioner's brief to file his brief; and

3. The petitioner shall have thirty (30) days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

2. The respondent shall have thirty (30) days following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 15th day of June, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge