JACOB M. MCCANN,

        Petitioner,

v.                                              Case No. 21-CV-701

WARDEN DAN CROMWELL,

        Respondent.

## DECISION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

      Jacob M. McCann, who was previously incarcerated at the Redgranite Correctional Institution[1], seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) McCann was convicted in 2011 of one count of repeated sexual assault of a child and was sentenced to twenty years of incarceration consisting of ten years of initial confinement followed by ten years of extended supervision. (Judg. of Conviction, Docket # 12-1.) McCann alleges that his conviction and sentence are unconstitutional. The respondent has filed a motion to dismiss the habeas petition as untimely or alternatively, as procedurally defaulted. (Docket # 11.) For the reasons stated below, the respondent's motion to dismiss is granted and the petition for writ of habeas corpus will be denied and the case dismissed.

## BACKGROUND

      McCann was convicted in 2011 in Winnebago County Case No. 10CF542 of one count of repeated sexual assault of a child. (Docket # 12-1.) McCann filed a postconviction

---

[1] McCann was released on extended supervision June 8, 2021. *See* https://appsdoc.wi.gov/lop/detail.do and Docket # 10.

motion alleging that trial counsel was ineffective for failing to call the victim's sister to testify, claiming her testimony would have undermined the victim's credibility. (*State v. McCann*, Appeal No. 2013AP2696 (Wis. Ct. App. Mar. 18, 2015), Docket # 12-2.) He asserted in the alternative that, as the jury did not hear this testimony, the real controversy was not fully tried. (*Id.*) After a *Machner* hearing was held, the trial court denied McCann's motion. (*Id.*) McCann appealed and the court of appeals affirmed. (*Id.*) His petition for review before the Wisconsin Supreme Court was denied on June 15, 2015. (Docket # 12-3.)

McCann then filed a petition for writ of habeas corpus pursuant to § 2254 in this District on June 9, 2016 in Case No. 16-CV-717 (E.D. Wis.). (Docket # 12-4.) McCann sought habeas relief on four grounds. He argued that : (1) courtroom spectators influenced the alleged victim's testimony by moving their heads while she was testifying; (2) it is unknown whether cell phone recordings turned over to law enforcement by the alleged victim's father are the original recordings; (3) during her trial testimony, the alleged victim failed to identify McCann as the perpetrator; and (4) the investigating detective failed to collect any physical evidence. (*Id.* at 2–3.)

On August 9, 2016, Magistrate Judge David E. Jones issued a Rule 4 Order screening McCann's habeas petition. Judge Jones found that McCann had not exhausted his state court remedies as to any of the grounds raised in his petition. (*Id.* at 3.) Judge Jones stated that he could dismiss McCann's petition without prejudice to allow McCann to exhaust; however, he noted that McCann's one-year statute of limitations period would likely run in the interim on or about September 10, 2016. (*Id.*) Thus, Judge Jones considered whether to allow McCann to file a protective petition to preserve his statute of limitations; however, he ultimately concluded that none of the issues McCann raised were meritorious and thus denied

2

the petition. (*Id.* at 4.) Specifically, Judge Jones found that McCann's claims "involve spectators potentially influencing witness testimony, evidence of questionable authenticity, an in-court identification (or lack thereof), and the absence of physical evidence. These claims, while potential sources of a direct appeal in state court, do not rise to the level of constitutional violations." (*Id.*)

In November 2017, McCann returned to state court and filed a petition for writ of habeas corpus and a motion for substitution of his trial judge, Judge John Jorgenson, in that case. (Docket # 12-6.) The habeas case was assigned Winnebago County Case No. 18CV69. (*Id.*) Another judge (i.e., not Judge Jorgenson) denied the writ petition in February 2018. (*Id.*)

Then, on October 15, 2018, McCann filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06. (*Id.*) In this motion, McCann alleged ineffective assistance of both trial and postconviction counsel, asserting that:

> "[T]he jury was excused while the Court addressed probable coaching of a witness by the spectators," after it "became clear to the Court that some of the spectator[]s seated behind the prosecution were having conversations" and "shaking" and "nodding" their heads in a manner the court "properly characterized as 'trying to encourage a type of testimony.'" McCann claimed trial counsel performed deficiently because she inadequately followed up on who among the spectators was "shaking" her head, and failed to ask the court to identify any spectators "shaking their heads in front of the jury" so as to permit jurors to consider it in their credibility assessment of the victim. He argued that "[i]t stands to reason" that if the Court recognized that "head shaking … could be interpreted as trying to encourage a type of testimony, [the victim] did as well." McCann contended that, had counsel followed his instruction to raise the "spectator-coaching" issue, he would have proved his defense that the victim was coached to accuse him, such that there is a reasonable probability he would have been acquitted. Postconviction counsel was ineffective, he argued, for failing to challenge trial counsel's ineffectiveness and, like trial counsel, for refusing to raise the spectator-coaching issue on direct appeal.

(*Id.* at 2–3.) The trial court denied the motion without a hearing, and McCann filed a notice to appeal on November 21, 2018. (*Id.*) The Wisconsin Court of Appeals affirmed the circuit

3

Case 2:21-cv-00701-NJ   Filed 11/04/21   Page 3 of 8   Document 13

court's order on March 25, 2020 (*id.*) and the Wisconsin Supreme Court denied review on August 20, 2020 (Docket # 12-7).

McCann now files another petition for habeas relief pursuant to § 2254 in this Court. (Docket # 1.) McCann alleges that he was denied a fair trial because his trial judge failed to inform the jury that spectators were coaching the victim's testimony, that his postconviction counsel was ineffective for failing to allege trial counsel was ineffective for not asking the court to identify the spectator shaking his or her head in front of the jury, and that his trial judge should have recused himself. (*Id.* at 9–22.)

The respondent now moves to dismiss McCann's petition as untimely or alternatively, as procedurally defaulted. (Docket # 11.)

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs this case. Under AEDPA, habeas petitions challenging state court confinement are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Additionally, the statute specifies when the one-year limitations period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

Specifically, the statute provides as follows:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

McCann does not argue that he was prevented from filing his habeas petition due to State action. He is not asserting a newly recognized right. He also does not claim that his petition rests on newly discovered facts. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). Accordingly, McCann's claim properly falls under 28 U.S.C. § 2244(d)(1)(A).

McCann sought direct review of his conviction pursuant to Wis. Stat. § 974.02. The Wisconsin Court of Appeals affirmed his conviction on March 18, 2015 and the Wisconsin Supreme Court denied his petition for review on June 12, 2015. McCann did not seek certiorari in the United States Supreme Court on his direct appeal, so direct review of his conviction ended when his time to do so expired, ninety days after the Wisconsin Supreme Court denied his petition for review. *See Anderson v. Litscher*, 281 F.3d 672, 674–75 (7th Cir. 2002). Ninety days after June 12, 2015 was September 10, 2015. For purposes of habeas review, McCann's one-year statute of limitations began to run the next day, on September 11,

2015. *See id.* at 675. Thus, McCann had until September 12, 2016 (the next business day) to file his petition.

Although McCann did file a federal habeas petition on June 13, 2016 in Case No. 16-CV-717, the Court dismissed it without allowing McCann to file a protective petition. (Docket # 12-4.) McCann did not return to state court until November 2017, after his one-year habeas statute of limitations expired. (Docket # 12-6 at 2.) State motions for collateral relief do not give rise to a second one-year limitations period after the first has expired. *See Teas v. Endicott*, 494 F.3d 580, 581 (7th Cir. 2007) ("Nothing in § 2244(d) implies that the time is reopened if the state court engages in multiple rounds of review that it calls 'direct.'"). McCann's petition, therefore, is untimely.

However, the doctrine of equitable tolling can excuse an untimely filed habeas petition. Equitable tolling is granted "sparingly" and only when extraordinary circumstances far beyond the litigant's control prevented timely filing. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). In deciding whether the AEDPA limitations period should be equitably tolled, the court must determine that (1) the petitioner "has pursued his rights diligently" and (2) "extraordinary circumstances beyond his control stood in the way of the timely filing of his petition." *Id.* A litigant seeking equitable tolling bears the burden of establishing these two elements. *Holland v. Florida*, 130 S. Ct. 2549, 2566 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The Supreme Court has held that AEDPA's statute of limitations can also be overcome by a showing of actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). To invoke the actual innocence exception to AEDPA's statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him

in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). McCann failed to respond to the respondent's motion to dismiss and thus has failed to show that either exception applies to his case. Thus, neither equitable tolling nor actual innocence excuses his untimely petition. For these reasons, McCann's petition is denied and the case dismissed. Because McCann's petition is untimely, I need not address the respondent's alternative argument that the petition is procedurally defaulted.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

For the reasons set forth in this decision denying McCann's habeas petition, none of his claims warrant a certificate of appealability. The statutory timeliness of McCann's petition is a straightforward issue, and I do not believe that a reasonable jurist would find it debatable whether this Court erred in resolving this procedural question. Because this finding alone is sufficient grounds to deny a certificate of appealability, I need not determine whether the petition states a valid constitutional question that jurists of reason would find debatable. Consequently, I will deny McCann a certificate of appealability.

McCann retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss (Docket # 11) is **GRANTED** and the petitioner's petition for a writ of habeas corpus (Docket # 1) is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly

Dated at Milwaukee, Wisconsin this 4th day of November, 2021.

BY THE COURT

*Nancy Joseph*

NANCY JOSEPH
United States Magistrate Judge